A00A2281. LEWIS et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(544 SE2d 212)

ANDREWS, Presiding Judge.

Willie and Calandra Lewis, father and daughter, appeal from the trial court's grant of summary judgment to State Farm Mutual

---

Automobile Insurance Company on their claim for medical expenses after Calandra was injured in a car accident. For the reasons which follow, we affirm.

The facts in this case are not in dispute. Calandra Lewis was injured in an automobile accident while driving a Honda Civic owned by her father Willie Lewis and insured by Metropolitan Insurance Company. Metropolitan paid $1,000 in medical expenses, which was the policy limit. The Lewises then made a claim on State Farm for the excess medical expenses. But, the State Farm policy did not insure the Honda Civic; it insured a Chevrolet van also owned by Willie Lewis. The trial court granted State Farm's motion for summary judgment, concluding that the insurance policy with State Farm, on its face, did not provide coverage for Calandra Lewis's medical expenses for injuries incurred while driving the Honda Civic. This appeal followed.

The Lewises' only argument on appeal is that there is an issue of fact as to whether the Honda Civic is a "non-owned car" under the State Farm policy. We disagree. The policy is clear and unambiguous, and the Civic cannot be a nonowned car under its terms.

The State Farm policy provides that medical expenses are payable for bodily injury sustained by the insured and his spouse and relatives (a) while they occupy a vehicle covered under the liability section; or (b) if they are struck as a pedestrian by a motor vehicle. The liability section of the policy extends coverage to the use, by an insured, of a newly acquired car, a temporary substitute car, or a nonowned car. The Lewises argue on appeal that this allows for coverage while Calandra was driving the Civic because it was a nonowned car as far as *Calandra* Lewis was concerned.

This ignores the plain language of the insurance contract which provides that a

> non-owned car — means a car not owned by or registered or leased in the name of: (1) you, your spouse, (2) any relative unless at the time of accident or loss: (a) the car is or has been described on the declarations page of a liability policy within the preceding 30 days; and (b) you, your spouse or a relative who does not own or lease such car is the driver; (3) any other person residing in the same household as you, your spouse or any relative; or (4) an employer of you, your spouse or any relative.

"You" and "your" are defined in the policy as referring to the named insured on the declarations page. The named insured is Willie Lee Lewis. Although the policy does provide that a nonowned car is one not owned by any relative, it also clearly provides that it cannot

be a car owned by the named insured. No one disputes that the car Calandra Lewis was driving was owned by Willie Lee Lewis, the named insured. Therefore, the Honda Civic is not a nonowned car under the policy. Accordingly, there is no coverage under the policy, and the court correctly granted State Farm's motion for summary judgment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 10, 2001.

*Van C. Wilks*, for appellants.
*Tisinger, Tisinger, Vance & Greer, Thomas E. Greer*, for appellee.